[980 NYS2d 774]

In the Matter of Gary M. DeWeese (Admitted as Gary Michael DeWeese), an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, February 19, 2014

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

A felony complaint dated November 4, 2008, alleged that on October 4, 2008, the respondent operated a motor vehicle while

intoxicated. The complaint stated that the respondent had previously been convicted on April 26, 2001 of operating a motor vehicle while intoxicated.

On March 25, 2009, the respondent waived the right to be prosecuted upon an indictment, and consented to being prosecuted upon a superior court information, to be filed by the District Attorney, with the understanding that the superior court information would charge him with violating Vehicle and Traffic Law § 1192 (3) as a felony.

Upon a plea of guilty before the Honorable Susan M. Capeci, Justice of the Supreme Court, Westchester County, on March 25, 2009, the respondent was convicted of operating a motor vehicle while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), a class E felony.

On May 13, 2009, Justice Capeci, inter alia, imposed a fine of $170, a mandatory surcharge of $300, and fees in the amount of $50. In addition, the respondent's driver's license was revoked for a period of at least one year.

The respondent failed to notify this Court of the foregoing conviction, as required by Judiciary Law § 90 (4) (c).

The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony conviction. The respondent has neither opposed the Grievance Committee's motion nor otherwise submitted any papers in response.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.

Accordingly, the motion of the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judicial Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of March 25, 2009.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the motion of the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Gary M. DeWeese, admitted as Gary Michael

DeWeese, is disbarred, effective March 25, 2009, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Gary M. DeWeese, admitted as Gary Michael DeWeese, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Gary M. DeWeese, admitted as Gary Michael DeWeese, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Gary M. DeWeese, admitted as Gary Michael DeWeese, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).